## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN ROGOWSKI, et al. | ) | |
| | ) | |
| Judgment Creditors, | ) | |
| | ) | |
| v. | ) | No. 07 C 0982 |
| | ) | |
| REYES AUTOMOTIVE AND TIRE | ) | JUDGE GUZMAN |
| CENTER AND REYES NAVARRO | ) | |
| f/u/o JUSTIN ROGOWSKI and CARL | ) | |
| KRUEGER | ) | |
| | ) | |
| Judgment Debtors. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REYES NAVARRO and REYES AUTO- | ) | |
| MOTIVE AND TIRE CENTER | ) | |
| | ) | |
| Citation Respondents | ) | |

## MOTION FOR JUDGMENT AGAINST CITATION RESPONDENT AND FOR RULE TO SHOW CAUSE

NOW COME the judgment creditors, pursuant to Rule 69(a) FRCP, and herewith move the court for judgment in their favor and against REYES NAVARRO in the sum of NINETY THOUSAND DOLLARS ($90,000.00) and for a rule to show cause why citations respondents should not be adjudged in contempt of this court for failing to produce documents and appear for examination on May 4, 2009 at 2:00 P.M. in aid of enforcement of this court's judgment. In support hereof, plaintiff's state:

1. The Seventh Circuit has made pellucidly clear that district court's have

1

jurisdiction to enforce civil judgments. <u>Cacok v. Covington, et al.</u>, 111 F.3rd 52 (7th Cir. 1997). Indeed, under Rule 69 FRCP district courts have a panoply of remedies available to them as under state law, 735 ILCS 5/2-1402. <u>Star Insurance Co. v. Risk M</u>

2. <u>rktg., Inc.</u>, 561 F.3rd 656 (7th Cir. 2009) citing the seminal case in this circuit, <u>Matos v. Richard A. Nellis</u>, 101 F.3rd 1193, 1195 (7th Cir. 1996) and <u>Yang v. City of Chicago</u>, 137 F.3rd 522 (7th Cir. 1998).

3. As the district court may recall, this overtime wage claim under the Fair Labor Standards Act, 29 U.S.C. 207(a)(1), was settled for NINETY THOUSAND DOLLARS ($90,000.00) at a settlement conference with the court on November 5, 2007. Defendants were to have paid $2,500.00 monthly for 36 months. To date, they have paid nothing and have scoffed at the court's process and the agreement.

4. The plaintiff's appealed the district court's order denying a previous request for enforcement of the agreement. At mediation in the court of appeals, the parties agreed to vacate the district court's dismissal order and to enter judgment for NINETY THOUSAND DOLLARS ($90,000.00) against the corporate entity only. The Seventh Circuit's mandate issued on July 15, 2008 and this court entered the requested consent judgment on November 15, 2008.

5. REYES AUTOMOTIVE AND TIRE CENTER supposedly has ceased doing business (under that name) but REYES NAVARRO, its president has continued in operation with the same tow trucks under a new name.

6. Nothing at all having been paid on the judgment, on March 16, 2009 plaintiffs filed and served the attached citation to discover assets, Ex. A, upon the citation respondents and judgment debtor. Having been informed by their attorney that he no longer represents them, counsel for plaintiffs re-served the citation directly upon REYES NAVARRO and the registered agent of record of REYES AUTOMOTIVE AND TIRE CENTER on April 7, 2009.

7. Citation respondents failed to produce their records and income tax returns, as requested, and failed to appear for examination upon oral questions on May 4, 2009 at 2:00 P.M. in plaintiffs' attorney's office.

8. They apparently have no present intention of honoring the settlement agreement and have ignored the process of this court.

9. 735 ILCS 5/2-1402(c)(4), and by reference, Rule 69(a) FRCP, provide that the court may "[E]nter any order upon or judgment against the person cited that could be entered in any garnishment proceeding." See, Matos v. Richard A. Nellis, Inc., 101 F.3rd 1193, 1195 (7th Cir. 1996); Cacok v. Covington, et al., 111 F.3rd 52 (7th Cir. 1997).

10. As Judge Easterbrook stated in Matos v. Richard A. Nellis, supra, the judgment creditors stand in the shoes of the defendant to recover from the debtor all that the investors may have had distributed to them. Co-plaintiffs have knowledge that REYES NAVARRO remains in business, albeit under a different name and entity; nonetheless, the property of the judgment debtor has been wrongfully transferred to evade payment of the settlement or judgment. Hence, the judgment in

collectible from REYES, who is also an "employer" under the Fair Labor Standards Act. 29 U.S.C. 203.

11. Plaintiffs request this court enter judgment in their favor and against REYES NAVARRO in the sum of the settlement agreement, namely, $90,000.00.

12. Judgment should be entered against REYES NAVARRO and both he and the corporation should be ordered to appear before this court to show cause, if any they can, why they should not be adjudged in contempt of this court for failure to appear for deposition and to produce the requested records.

13. The Seventh Circuit has also held attorney's fees may be recovered when a party is required to enforce or collect a judgment when the statute upon which the cause of action was predicated allowed for fee shifting. <u>Vukadinovich v. McCarthy</u>, 59 F.3d 58, (7th Cir. 1995). This is such a case.

WHEREFORE co-plaintiffs, JUSTIN ROGOWSKI and CARL KRUEGER, ask the district court to:

    A. Enter judgment in the sum of NINETY THOUSAND ($90,000.00) DOLLARS in their favor and against the citation respondent, REYES NAVARRO,

    B. To order both REYES NAVARRO and REYES AUTOMOTIVE AND TIRE CENTER to appear before this court on a date certain to show cause why they should not be adjudged in contempt of this court for failure to produce their income tax returns and other documents requested in the

attached citation to discover assets;

C. Award attorney's fees and costs in connection with these supplemental proceedings as provided by <u>Vukadinovich v. McCarthy</u>, 59 F.3d 58, (7th Cir. 1995).

D. Grant such other and further relief in aid of enforcement and collection of the judgment entered in this court, plus attorney's fees and costs.

Dated: May 12, 2009
      Chicago IL

      <u>/s/ Ernest T. Rossiello</u>
      ERNEST T. ROSSIELLO

      Ernest T. Rossiello & Associates, P.C.
      134 N LaSalle Street, Suite 1330
      Chicago, IL 60602-1137
      (312) 346-8920
      ETRLaw@aol.com

Attorney for Judgment-Creditors

EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUSTIN ROGOWSKI, et al. ) | |
| ) | |
| Judgment Creditors, ) | |
| ) | |
| v. ) | No. 07 C 0982 |
| ) | |
| REYES AUTOMOTIVE AND TIRE ) | JUDGE GUZMAN |
| CENTER AND REYES NAVARRO ) | |
| f/u/o JUSTIN ROGOWSKI and CARL ) | |
| KRUEGER ) | |
| ) | |
| Judgment Debtors. ) | |
| ) | |
| vi. ) | |
| ) | |
| REYES NAVARRO and REYES AUTO- ) | |
| MOTIVE AND TIRE CENTER ) | |
| ) | |
| Citation Respondents ) | |

## CITATION TO DISCOVER ASSETS

TO: REYES NAVARRO, et al.
   c/o Burr Anderson
   ANDERSON LAW OFFICE
   233 West Jackson Blvd., Suite 1300
   Chicago, IL 60606
   burranderson@employmentlawillinois.com

YOU ARE COMMANDED, pursuant to Rule 69(a) Fed.R.Civ.P., to appear before a

notary public, in and for the State of Illinois, at 134 N LaSalle Street, Suite 1330, Chicago,

Illinois, on May 4, 2009 at 2:00 P.M. to be examined under oath concerning the property or

income of, or indebtedness due REYES AUTOMOTIVE AND TIRE CENTER, JUDGMENT DEBTOR. Judgment was entered on October 15, 2008 in this court against said judgment debtor in the amount of $90,000.00. The judgment remains unsatisfied.

YOU ARE FURTHER COMMANDED to produce, on or before April 20, 2009 at 4:00 P.M. any and all books, papers or records in your possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor, including all evidence of checking accounts, bank accounts, certificates of deposits, security deposits, and the name and address of all employers and the following documents:

1. Title certificates, and transfer of title certificates, for all vehicles owned by judgment debtor or REYES NAVARRO between January 1, 1004 and the present.

2. The federal and state income tax returns for REYES AUTOMOTIVE AND TIRE CENTER for the last five years available.

3. The federal and state income tax returns, joint or otherwise, for REYES NAVARRO and any other family member, if applicable, for the last five years available.

4. Any documents showing a sale, liquidation or transfer of judgment debtor to another within the last three years.

5. The profit and loss and income statement of judgment debtor and citation respondents as prepared by their accountant for the last five years available.

6. Copies of all papers relating to litigation in which the judgment debtor was a party from January 1, 2000 to the present.

7. Copies of all IRS Forms 941, 940 relating to judgment debtor for the last five

years available.

8. Copies of all records relating to wage payments to REYES NAVARRO from any source, including IRS Form W-2 for the last five years available.

9. Any and all records and papers showing wages received, including pay stubs, by REYES NAVARRO and any member of his household from January 1, 2006 to the present.

10. Copies of records from the bank or banks in which citation respondents maintained any checking, savings or other accounts.

11. Title to lands owned by citation respondents.

12. Copies of all leases to which citation respondents are signatory between January 1, 2005 and the present.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution of garnishment belonging to the judgment debtor or to which he may be entitled or which may be acquired by or become due him and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due him, until the further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment ($180,000.00).

YOUR FAILURE TO COMPLY WITH THIS CITATION MAY SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT FOR FAILURE TO APPEAR AND TO A JUDGMENT FOR ANY AMOUNTS TRANSFERRED OR NOT WITHHELD PURSUANT TO THIS NOTICE, IN ACCORDANCE WITH RULE 69 OF

THE FEDERAL RULES OF CIVIL PROCEDURE, 75 ILCS 5/2-1402(c) and (f) AND ILLINOIS SUPREME COURT RULE 277.

Dated: March 16, 2009
Chicago, IL

/s/ Ernest T. Rossiello
ERNEST T. ROSSIELLO

Ernest T. Rossiello & Associates, P.C.
134 N LaSalle Street, Suite 1330
Chicago, IL 60602-1137
(312) 346-8920
ETRLaw@aol.com

Attorney for Judgment-Creditor

**CERTIFICATE OF ATTORNEY**

I, ERNEST T. ROSSIELLO, hereby certify that the foregoing information regarding entry of judgment, the amount of the judgment and the date of the judgment are true.

/s/ Ernest T. Rossiello
ERNEST T. ROSSIELLO

## AMENDED CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the within and foregoing document was served upon the judgment-debtor and the citation respondents through their attorney by electronic filing and via first class mail with proper postage fully prepaid, from the U.S. Mail Depository at 134 N LaSalle Street, Chicago, IL, on March 16, 2009, before 5:00 P.M.

     I FURTHER CERTIFY that I served the within and foregoing CITATION TO DISCOVER ASSETS upon the judgment debtor, their attorney and upon citation respondent, REYES NAVARRO by first class mail on April 7, 2009 from Chicago, Illinois, with proper postage fully prepaid in an envelope addressed to:

> REYES NAVARRO
> 14242 Hastings Court
> Plainfield IL 60544
>
> REYES AUTOMOTIVE AND TIRE CENTER
> C/o Virginia L. Butts, Registered Agent
> 4711 Midlothian Turnpike, Unit 11
> Midlothian IL 60445

                  /s/ Ernest T. Rossiello
                  ERNEST T. ROSSIELLO

May 12, 2009